| | |
|---|---|
| CATHY A. FENNELL, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07309 (JBS-AMD) |
| CAMDEN COUNTY FACILITY, CAMDEN C.O. MRS. OR MS. LITTLES, PINE HILL POLICE DEPT., and NEW JERSEY STATE TROOPERS, | **OPINION** |
| Defendants. | |

APPEARANCES

Cathy A. Fennell, Plaintiff Pro Se
413 North Warwick Road
Somerdale, NJ 08083

**SIMANDLE, District Judge:**

1.    Plaintiff Cathy A. Fennell seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Facility ("CCF"), Camden C.O. Mrs. or Ms. Littles ("Littles"), Pine Hill Police Dept. ("PHP"), and New Jersey State Troopers ("State Troopers") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will dismiss the Complaint with prejudice in part and dismiss it without prejudice in part. The Complaint: (a) is dismissed with prejudice as to claims made against defendant CCF; (b) is dismissed without prejudice as to harassment claims against defendant Littles; (c) is dismissed without prejudice as to defendant PHP regarding conditions of confinement claims for alleged overcrowding and regarding false arrest / false imprisonment claims; (d) is dismissed with prejudice as to claims against defendant State Troopers regarding conditions of confinement for alleged overcrowding; (e) is dismissed without prejudice as to claims against defendant State Troopers for false arrest/false imprisonment; (f) is dismissed without prejudice for failure to state a claim as to conditions of confinement regarding overcrowding allegations, 28 U.S.C. § 1915(e)(2)(b)(ii); (g) is dismissed without prejudice for failure to state a claim as to conditions of confinement regarding alleged inadequate medical care; and (h) is dismissed without prejudice as to Plaintiff's conditions of confinement claim regarding jail conditions for provision of basic hygiene products and clean clothes ("Jail Hygiene Conditions Claim").

With regard to all claims that are dismissed without prejudice,
Plaintiff may file an amended complaint within 60 days after the
date of this Opinion that corrects the deficiencies noted in
this Opinion, if Plaintiff chooses to pursue such claim or
claims. Any such amended complaint shall be subject to screening
under 28 U.S.C. § 1915. With regard to the Jail Hygiene
Conditions claim specifically, upon Plaintiff's failure to file
an amended complaint naming the party(ies) whom she alleges are
liable under the Jail Hygiene Conditions Claim, such claim shall
be subject to dismissal without further notice for failure to
state a claim.

## Standard of Review

4.    To survive *sua sponte* screening for failure to state a
claim, the Complaint must allege "sufficient factual matter" to
show that the claim is facially plausible. *Fowler v. UPMS
Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308
n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**Claims Against CCF: Dismissed With Prejudice**

5.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6.     Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example,

4

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7.  In the Complaint, Plaintiff seeks monetary damages from CCF for allegedly unconstitutional conditions of confinement. The CCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCF must be dismissed with

---

municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

prejudice, the claims may not proceed and Plaintiff may not name the CCF as a defendant.

## Harassment Claims Against Littles:
## Dismissed Without Prejudice

8.  Plaintiff alleges that Littles is a Camden County corrections officer who "verbally abuse[d] me. I felt like the warden wasn't notified about the situation." Complaint, Docket Entry 1, at 6.

9.  However, allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner. *Brown v. Hamilton Twp. Police Dep't Mercer County, New Jersey*, 547 F. App'x 96, 97-98 (3d Cir. 2013). *Accord Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 35 (3d Cir. 2010); *Aleem-X v. Westcott*, 347 F. App'x 731, 732 (3d Cir. 2009); *Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Patterson v. Bradford*, No. 10-5043, 2011 WL 1983357, at *5 (D.N.J. May 20, 2011) (citations omitted).

10.  Here, Plaintiff does not allege an accompanying violation of injury or damage that might allow the alleged verbal harassment to state a separate due process claim in violation of her Fourteenth Amendment rights.

11.  At most, Plaintiff alleges that she was offended by Little's unspecified remarks, but Plaintiff does not offer any facts that are necessary for the abuse to rise to the level of a violation of her Fourteenth Amendment rights. The allegation of

"verbal abuse" in the Complaint is insufficient to support a
claim that Littles was verbally harassing Plaintiff as a form of
punishment or to deprive Plaintiff of any of her constitutional
rights.

12.   Consequently, because the alleged verbal harassment of
Plaintiff was not accompanied by any injurious actions — or
physical actions of any kind - by Littles, Plaintiff fails to
state a cognizable § 1983 claim for a violation of her
Fourteenth Amendment due process rights. This claim will be
dismissed without prejudice accordingly.

### Claims Against PHP: (1) Dismissed Without Prejudice As To Overcrowded Conditions of Confinement Claims; and (2) Dismissed Without Prejudice As To False Arrest / False Imprisonment Claims

13.   The Complaint must be dismissed without prejudice as
to claims made against PHP regarding overcrowded conditions of
confinement and regarding false arrest / false imprisonment.

14.   First, as to claims regarding overcrowded conditions
of confinement, Plaintiff contends that PHP took her post-arrest
to CCF on August 15, 2016, where she then spent two months
sleeping on the floor and sustained various physical injuries
from such conditions. Complaint §§ III(B), III(C), IV, and V.
Plaintiff cannot allege that the PHP is liable for conditions of
confinement at the CCF, which is under the control of Camden
County. Allegations about unconstitutional conditions of

confinement directed against PHP, therefore, must be dismissed with prejudice.

15.   Second, as to claims regarding false arrest / false imprisonment by PHP, Plaintiff "would like to be compensate[d] for pain & suffering for being wrongly arrested on 8-15-16." Complaint § V.

16.   There are two elements for assertion of a prima facie claim for false arrest: (1) constraint of the person against her will (2) that is without legal justification. *Gibson v. Superintendent of NJ Dep't of Law and Public Safety-Division of State Police*, 411 F.3d 427, 451 (3d Cir. 2005).

17.   Here, Plaintiff has failed to set forth sufficient facts from which this Court can reasonably infer that the August 15, 2016 arrest of Plaintiff by PHP was without legal justification, as required for assertion of a claim for false arrest / false imprisonment. *Gibson*, 411 F.3d at 451.

18.   Plaintiff's Complaint contains scant, if any, facts pertaining to her alleged false arrest, other than her suggestion that the charge against her lacked merit. Complaint § V ("[I was] wrongly arrested on 8-15-16"). As such, Plaintiff does not sufficiently plead a claim for false arrest / false imprisonment. Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive sua

sponte screening. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

19. Plaintiff may be able to amend the Complaint to particularly set forth facts from which the Court can infer that her arrest on August 15, 2016 was not legally justifiable. To that end, the Court shall grant Plaintiff leave to amend the Complaint if Plaintiff is able to state specific grounds for her false arrest claim against an officer or officers of the Pine Hill Police Department, or against the Borough of Pine Hill itself.

20. Any amended complaint may not name the police department as a defendant, but it may name the municipality of Pine Hill if Plaintiff claims that Pine Hill had an unconstitutional policy or practice that was a cause of her unlawful arrest. "[A] city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part" (*Jackson v. City of Erie Police Dep't*, 570 F. Appx. 112, 114 n.2 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 694)). Thus, the PHP is not a separate legal entity from the town government and therefore is not independently subject to suit. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). In addition, "[t]here is no respondeat superior theory of municipal liability, so a city may not be held vicariously liable under §

10

1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer"). Accordingly, Plaintiff must plead facts showing that the relevant Pine Hill town policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original). In other words, Plaintiff must set forth facts supporting an inference that the town itself was the "moving force" behind an alleged constitutional violation by

PHP. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 689 (1978). The Complaint does not provide such facts, and Plaintiff's false arrest claim against PHP must therefore be dismissed without prejudice. As Plaintiff may be able to amend her Complaint to address the deficiencies noted by the Court as to her false arrest claim against PHP, the Court shall grant Plaintiff leave to amend the complaint.

### Claims Against State Troopers: (1) Dismissed With Prejudice As To Overcrowded Conditions of Confinement Claims; and (2) Dismissed Without Prejudice As To False Arrest / False Imprisonment Claims

21. Construing the Complaint to assert claims against unnamed individual officers of the New Jersey State Police in connection with Plaintiff's January 15, 2010 arrest (*see* Complaint at 1-2 (naming "New Jersey State Troopers" as defendants) and at § III(C)), the Complaint must be: (a) dismissed with prejudice as to claims arising from alleged overcrowding at CCF; and (b) dismissed without prejudice as to claims arising from allegations of false arrest / false imprisonment.

22. Plaintiff contends that the State Troopers arrested her on January 15, 2010, "so they say for selling drugs." Complaint § III(C). The State Troopers then took Plaintiff to CCF, where she was incarcerated and sustained various physical injuries from "sleeping on the floor." Complaint §§ III(B),

12

III(C), IV, and V. The Complaint alleges that Plaintiff suffered "back, neck and mental [i]njuries related to the arrest[] on 1-15-10 due to sleeping on the floor area of Camden County Facility." *Id*. § IV. Plaintiff "got OR[3] Jan 17, 2016." *Id*. § III(C). The Court is concerned whether this date of "Jan 17, 2016" is a typographical error for "January 17, 2010," in which case these claims related to the 2010 arrest would be time-barred, as now explained.

23. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

24. Each of Plaintiff's claims against the State Troopers implicates statute of limitations issues.

25. First, as to overcrowded conditions of confinement claims against the State Troopers for "[i]njuries related to the

---

[3] This Court construes Plaintiff's reference in the Complaint to "OR" as an abbreviation for "released on her own recognizance." Complaint § III(C) ("On Jan 15, 2010 [I] was incarcerated[.] [I] got OR Jan 17, 2016").

13

arrest on 1-15-10 . . . due to sleeping on the floor area of Camden County Facility" (to which defendants had taken Plaintiff for detention after her arrest), any allegedly unconstitutional conditions of confinement (*i.e.*, the purported overcrowding and sleeping conditions in cells) would have been immediately apparent to Plaintiff at the time of detention. Therefore, the statute of limitations for Plaintiff's claims against the Troopers as to CCF overcrowding expired on January 15, 2012 at the latest, well before this Complaint was filed on October 14, 2016. Plaintiff has filed this lawsuit against the State Troopers too late as to claims of overcrowding.

26. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of Plaintiff's cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing the claim, and there is nothing to indicate Plaintiff filed the claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

27. As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's claims accrued, the Complaint is dismissed with prejudice as to claims against the State Troopers regarding unconstitutionally

overcrowded confinement conditions at CCF, meaning Plaintiff may not file an amended complaint against the State Troopers arising from the events of January 15, 2010. Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).[4]

28. Second, construing Plaintiff's Complaint to assert claims for false arrest / false imprisonment against the State Troopers (Complaint § III(C) ("[I] got arrested so they say for selling drugs")), such claims must be dismissed without prejudice because the Complaint does not set forth sufficient facts for this Court to infer that Plaintiff was falsely arrested / falsely imprisoned.

29. As noted above in this Opinion, a prima facie claim for false arrest has two elements: (1) constraint of the person

_____

[4] Furthermore, aside from expiration of the statute of limitations, "[a] state, its agencies, and its actors in their official capacities are not persons who may be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) . . . has been held to establish that the State and arms of the State are not subject to suit under § 1983." *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012) (holding that plaintiffs could not assert § 1983 claims against New Jersey state police and state trooper in his official capacity). Plaintiff does not specifically state whether her claims are against the State Troopers in their official capacities; this Court notes that such claims would fail to state a claim pursuant to these defendants' immunity from suit when acting in their official capacities.

against her will (2) that is without legal justification.
*Gibson,* 411 F.3d at 451.

30.   Accrual of a claim for false arrest occurs on the date
that a plaintiff "was arrested and charges were filed against
him." *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d
Cir. 2011). "[A] claim of false arrest, and the accompanying
claim for false imprisonment, begins to accrue immediately upon
the arrest at issue[;] [however,] the statute of limitations
does not begin to run at the same time. Instead, the statute of
limitations for a false arrest / imprisonment claim begins to
run 'when the individual is released, or becomes held pursuant
to legal process,' *i.e.*, is arraigned." *Clark v. Warren County
Prison*, No. 15-6174, 2016 WL 5858985, at *3 (D.N.J. Oct. 6,
2016) (internal citations omitted).

31.   Here, Plaintiff's § 1983 claims arising from alleged
false arrest / false imprisonment on January 15, 2010 would be
time barred if she was arraigned on the relevant charges more
than two years before she brought the instant Complaint, which
this Court received from Plaintiff on October 14, 2016.

32.   Construing Plaintiff's Complaint to allege that, after
her January 15, 2010 arrest by the State Troopers and her
subsequent confinement at CCF, she was released on January 17,

2016,[5] Plaintiff's false arrest / false imprisonment claim in her

October 14, 2016 Complaint would not be time-barred; however,

Plaintiff has failed to set forth sufficient facts from which

this Court can reasonably infer that the January 15, 2010 arrest

was without legal justification as required for assertion of a

claim for false arrest / false imprisonment. *Gibson*, 411 F.3d at

451.

33.  Plaintiff's Complaint contains scant, if any, facts

pertaining to her alleged false arrest, other than her

suggestion that the charge against her lacked merit. Complaint §

III(C) ("[I] got arrested so they say for selling drugs"). As

such, Plaintiff does not sufficiently plead a claim for false

arrest / false imprisonment.

34.  Plaintiff may be able to amend the Complaint to

particularly set forth facts from which the Court can infer that

her arrest on January 15, 2010 was not legally justifiable. Any

amended complaint should also state all relevant dates to show

that the alleged false imprisonment upon that arrest continued

---

[5] This Court again construes Plaintiff's reference in the
Complaint to "OR" as an abbreviation for "released on her own
recognizance." Complaint § III(C) ("On Jan 15, 2010 was
incarcerated[.] [I] got OR Jan 17, 2016"). Again, the Court is
unclear whether the 2016 release date is actually 2010, due to
typographical error. If the correct date of release was 2010,
these claims are time-barred and may not be refiled.

beyond October 14, 2014, and is not time-barred. To that end, the Court shall grant Plaintiff leave to amend the Complaint.

## Conditions Of Confinement Claim - Overcrowding Allegation: Dismissed Without Prejudice

35.    As to Plaintiff's allegations of overcrowding at CCF (*e.g.*, Complaint § IV (alleging injuries "due to sleeping on the floor")), the Court will dismiss the Complaint without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii), for the reasons set forth below.

36.    The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

37.    With respect to alleged facts giving rise to her claims, Plaintiff states: "On the first arrest 1-15-10, [I] got arrested [and] tak[en] [to] Camden County Facility by New [Jersey] State Troopers. On Jan 15, 2010 [I] was incarcerated[.] [I] got OR Jan 17, 2016 . . . [The] second time . . . on 8-15-16 Pine Hill Police Dept. arrested [me] [and I] spen[t] two months in Camden County Facility . . . On Aug 15, 2016 [I] got incarcerated [and] bail[ed] out on 9/23/16." Complaint §§

III(B)-(C). Plaintiff claims that "due to sleeping on the floor areas of Camden County Facility," her "injuries was [*sic*] worsened by sleeping on the floor," including a cyst, lumbar pain, vertebra pain, and bleeding. *Id.* §§ III(C) and IV.

38.  Plaintiff "would like to be compensate[d] for pain & suffering." *Id.* § V.

39.  Plaintiff's claims as to conditions of confinement arising from purported CCF overcrowding must be dismissed because the Complaint does not set forth enough factual support for the Court to infer that a constitutional violation has occurred.

40.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis

requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

41.    Furthermore, Plaintiff has not named a responsible party as to her allegations of overcrowding. Even though *pro se* pleadings are construed liberally and given the benefit of all reasonable inferences, Plaintiff still bears the burden of supplying the facts of her claim. *See, e.g.*, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("*pro se* litigants still must allege sufficient facts in their complaints to support a claim"). It is not for the Court to speculate as to which party(ies) the Plaintiff attributes liability for her overcrowded conditions of confinement claim, given that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

42.  Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 60 days of the date of this Opinion.[6]

43.  Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement, including the dates. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[7]

---

[6] The amended complaint shall be subject to screening prior to service.

[7] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to October 14, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it shall be limited to confinements in which Plaintiff was released after October 14, 2014.

44.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and Order.

### Conditions Of Confinement Claim - Allegations Of Inadequate Medical Care: Dismissed Without Prejudice

45.   Construing the Complaint to assert conditions of confinement claims based on inadequate medical care, Plaintiff does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

46.   Plaintiff alleges that she "went in [to CCF in 2016] with a bullet to my right foot and did not receive any of my

_____

pain med I had in my custody" (hereinafter "Foot Injury").
Complaint § IV.

47.   She contends that back, neck and mental injuries
"related to" her January 15, 2010 arrest were "worsened by
sleeping on the floor at the Camden County Correctional
Facility" (hereinafter "Arrest Injuries"). *Id.*

48.   Plaintiff further alleges that she "suffer[s] [from]
menstr[u]al difficulties" and "had continuous bleeding that
last[ed] longer than two weeks" while incarcerated at CCF in
2016, for which she was "only given Motrin for pain, seen doctor
once, [and received] one x-ray" (hereinafter "Bleeding
Condition"). Complaint §§ IV, V.

49.   In the context of detainees alleging claims related to
medical conditions, the Due Process Clause of the Fourteenth
Amendment incorporates the protections of the Eighth Amendment,
including the latter's "deliberate indifference" standard, such
that "substantive due process rights are violated only when 'the
behavior of the governmental officer is so egregious, so
outrageous, that it may fairly be said to shock the
conscience.'" *Callaway v. New Jersey State Police Troop A*, No.
12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar, 17, 2015) (citing
*Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846–47, n.8 (1998)).
*See also Jacobs v. Cumberland County Dep't of Corr.*, No. 09-
0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010) ("When

executive action is at issue, a violation of the Fourteenth
Amendment right to substantive due process may be shown by
conduct that 'shocks the conscience'") (citing *A.M. ex rel.
J.M.K. v. Luzerne County Juvenile Detention Ctr.,* 372 F.3d 572,
579 (3d Cir. 2004)); *Bocchino v. City of Atlantic City*, 179 F.
Supp.3d 387, 403 (D.N.J. 2016); *Holder v. Merline*, No. 05-1024,
2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v.
City of Philadelphia,* 947 F.2d 1042, 1067 (3d Cir. 1991), *cert.
denied,* 503 U.S. 985 (1992)).

### *Foot Injury*

50.  First, as to Plaintiff's Foot Injury, the Court will
accept as true for screening purposes only that it was of a
nature and extent that satisfies the "serious condition" prong
of a Fourteenth Amendment claim (*Estelle v. Gamble*, 429 U.S. 97,
106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575,
582 (3d Cir. 2003)). However, Plaintiff's Complaint sets forth
no facts establishing that CCF demonstrated "deliberate
indifference" to the Foot Injury during incarceration (*i.e.*, the
second prong for a Fourteenth Amendment inadequate medical care
claim). *Estelle*, 429 U.S. at 106. This second *Estelle* element
"requires an inmate to show that prison officials acted with
deliberate indifference to h[er] serious medical need." *Holder*,
2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding

deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety).

51. Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[.] *Nicini v. Morra*, 212 F.3d 798, 815 n.14 (3d Cir. 2000)." *Natale*, 318 F.3d at 582.

52. Plaintiff here may have disagreed with the treatment CCF provided for the Foot Injury ("[I] did not receive any of my pain med I had in my custody" (Complaint § IV)), but she does not contend that she was denied treatment. In fact, Plaintiff submitted an Exhibit to her Complaint demonstrating that she did receive treatment. (August 31, 2016 Medication Sheet & Administration Record, Docket Entry 3 at 5 ("Ibuprofen 400mg tab. Take 1 tablet orally two times a day as needed")). Plaintiff's Complaint suggests that she disagreed with the medical treatment afforded her by CCF for the Foot Injury, but disagreement with the kind of medical care received does not state a viable claim for relief. *Innis v. Wilson*, 334 F. App'x 454, 456-57 (3d Cir. 2009). *See also Spruill v. Gillis*, 372 F.3d

218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). A prisoner is not entitled to the medical treatment of her choice. *See Reed v. Cameron*, 380 F. App'x 160, 162 (3d Cir. 2010) (dissatisfaction with prison medical care is insufficient to show deliberate indifference) (citing *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)).

53.    Therefore, Plaintiff has failed to state a cause of action under the Fourteenth Amendment for inadequate medical care of her Foot Injury while incarcerated at CCF. These claims will be dismissed without prejudice, with leave to amend the Complaint to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim with respect to deliberate indifference to a serious foot injury and pain.

*Arrest Injuries*

54.    Similarly, Plaintiff's claims as to her Arrest Injuries are also insufficiently plead. The Complaint sets forth no facts establishing that any such injuries satisfy the "serious condition" prong of a Fourteenth Amendment claim for inadequate medical care during incarceration (*Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582): *i.e.*, the Complaint offers no facts that Plaintiff's Arrest Injuries: "(1) ha[ve] been diagnosed by a physician as requiring treatment"; (2) "[were] so

obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) were a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson*, 316 F.3d at 272-73 (internal quotations and citations omitted).

55.    On January 20, 2017, Plaintiff submitted to this Court a December 27, 2016 CCF Patient Information Sheet (Docket Entry 3) as an Exhibit to the Complaint, but the document only reflects that Plaintiff reported "problems" such as "lower back pain" to CCF medical staff; the "services due" for Plaintiff's problems at that time were a "TD [tetanus-diphtheria] booster [injection]." *Id*. The tetanus shot was apparently in response to Plaintiff's puncture wound of her foot. The Complaint is silent with respect to facts relevant to demonstrating that Plaintiff's back- and neck-related Arrest Injuries were a "serious condition," such as: the nature and severity of Plaintiff's back- and neck-related Arrest Injuries; and Plaintiff's medical history as to diagnosis and treatment of the back- and neck-related Arrest Injuries. (The foregoing examples are merely illustrative but not exhaustive or exclusive.) *See Maldonado v. Terhune,* 28 F. Supp.2d 284, 289 (D.N.J. 1998).

56.    As to the final category of her purported Arrest Injuries, Plaintiff does not allege that she was ever actually

diagnosed with "mental injuries" (Complaint § IV) or they were so obvious that a lay person would recognize the necessity for a particular medical treatment or sleeping arrangement while incarcerated.

57. Accordingly, Plaintiff has not satisfied *Estelle*'s "serious condition" element for a Fourteenth Amendment inadequate medical care claim as to the Arrest Injuries.

58. Furthermore, Plaintiff's Complaint sets forth no facts establishing that treatment of the Arrest Injuries during incarceration satisfies the "deliberate indifference" prong of a Fourteenth Amendment claim. *Estelle*, 429 U.S. at 106. Plaintiff here may have disagreed with the treatment CCF provided for the Arrest Injuries ("only given Motrin for pain" (Complaint § IV)), but she does not contend that she was denied treatment. Rather, she suggests that she disagreed with the medical treatment afforded her by CCF for the Arrest Injuries. As noted above in this Opinion, mere disagreement with medical treatment during incarceration received does not state a viable claim for relief, however. *Innis*, 334 F. App'x at 456-57; *Reed*, 380 F. App'x at 162. Therefore, Plaintiff has failed to state a cause of action under the Fourteenth Amendment for inadequate medical care of her Arrest Injuries while incarcerated at CCF.

59.  These claims will be dismissed without prejudice, with leave to amend the Complaint to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim.

## *Bleeding Condition*

60.  Finally, even accepting as true for screening purposes only that Plaintiff's Bleeding Condition was of a nature and extent that satisfies the "serious condition" prong of a Fourteenth Amendment inadequate medical care claim (*Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582), the Complaint acknowledges that Plaintiff did receive medical care (Complaint § IV (Plaintiff was "given Motrin for pain, seen doctor once, [and received] one x-ray")).

61.  Plaintiff does not allege any facts suggesting that CCF medical staff were indifferent to her Bleeding Condition, that the care she received was inadequate, that alternative treatment would have yielded different and better results, or that Plaintiff was damaged by a lack of care. At most, Plaintiff alleges disagreement with the treatment CCF provided to her. However, Plaintiff was not denied treatment; rather, she disagreed with the treatment she was provided. Again, this is insufficient to state a constitutional violation. *Innis*, 334 F. App'x at 456-57; *Spruill*, 372 F.3d at 235; *Reed*, 380 F. App'x at 162.

62. Therefore, Plaintiff has failed to state a cause of action under the Fourteenth Amendment for inadequate medical care of her Bleeding Condition while incarcerated at CCF.

63. These claims will be dismissed without prejudice, with leave to amend the Complaint in order to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim of deliberate indifference to a bleeding condition.

## Conditions Of Confinement Claim – Allegations Regarding Jail Conditions As To Provision Of Basic Hygiene Products And Clean Clothes: Dismissed Without Prejudice

64. The Court dismisses without prejudice the Plaintiff's conditions of confinement claim regarding jail conditions for provision of basic hygiene products and clean clothes ("Jail Hygiene Conditions Claim").

65. Plaintiff states that while incarcerated, she "suffer[ed] difficulties with my menstrual [cycle,] causing . . . continuous bleeding that last[ed] longer than two weeks, and she "would like to be compensate[d] for pain and suffering [and] for . . . the things that the Camden County Correctional Facility could not and would not provide for me. Things like pads, toilet tissue, toothpaste and sometimes soap[,] along with clean wash cloths." *Id*. § V.

66. However, Plaintiff has not named a responsible party(ies) as to her Jail Hygiene Conditions Claim.

67. "A conditions of confinement claim is a constitutional attack on the general conditions, practices, and restrictions of pretrial or other detainee confinement. A constitutional violation exists if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin v. U.S. Dep't of Homeland Sec.*, No. 06-5261, 2007 WL 2985553, at *9 (D.N.J. Oct. 4, 2007) (citing *Bell*, 441 U.S. at 538-39).

68. "Analysis of whether a pre-trial detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court." *Alexis v. U.S. Dep't of Homeland Sec.*, No. 05-1484, 2005 WL 1502068, at *10 (D.N.J. June 24, 2005) (citing *Bell v. Wolfish,* 441 U.S. 520 (1979) and *Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir. 2000)). "[D]enial of the 'minimal civilized measure of life's necessities,' *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), which would include basic sanitary conditions, would be sufficient to state an actionable constitutional deprivation. Further, unsafe, unsanitary and inadequate conditions do not appear reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin*, 2007 WL 2985553, at *10 (allowing plaintiff's claims of (a) denial of basic hygiene products and clothing (which were mandated by the detention facility's manual) and (b) severe overcrowding (such as sleeping and eating in close proximity to

dirty toilets, vermin-infested cells, and poor ventilation) to proceed as claim of unconstitutional conditions of confinement). *Accord Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec.*, No. 04-4855, 2005 WL 1106562, at *12 (D.N.J. May 3, 2005).

69. While the Constitution "does not mandate comfortable prisons" (*Rhodes*, 452 U.S. at 349), Plaintiff's allegations of not receiving "pads, toilet tissue, toothpaste and sometimes soap[,] along with clean wash cloths" (Complaint § V) during two months of incarceration. (*id.* §§ III(B)-(C)) encompass "basic sanitary conditions." *Rhodes*, 452 U.S. at 347.

70. Accordingly, Plaintiff's Jail Hygiene Conditions Claim is dismissed without prejudice. This Court grants Plaintiff leave to file an amended complaint, and the Court notes for Plaintiff that she bears the burden of supplying the facts of her claim, including identification of the particular party(ies) whom she alleges are liable under this claim. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231.

## Conclusion

71. For the reasons stated above, Plaintiff's Complaint is dismissed in part and shall conditionally proceed in part. The Complaint: (a) is dismissed with prejudice as to claims made against CCF; (b) is dismissed without prejudice as to harassment claims made against Littles; (c) is dismissed with prejudice as to conditions of confinement claims and without prejudice as to

32

false arrest / false imprisonment claims against PHP; (d) is dismissed with prejudice as to conditions of confinement claims made against State Troopers regarding overcrowding; (e) is dismissed without prejudice as to claims made against State Troopers for false arrest / false imprisonment; (f) is dismissed without prejudice for failure to state a claim as to conditions of confinement regarding overcrowding; (g) is dismissed without prejudice for failure to state a claim as to conditions of confinement regarding alleged inadequate medical care; and (h) is dismissed without prejudice as to Plaintiff's Jail Hygiene Conditions Claim. For claims dismissed without prejudice, Plaintiff may file an Amended Complaint within 60 days after the date this Opinion and Order are entered on the docket that cures the deficiencies noted in this Opinion; for claims dismissed with prejudice, such claim or claims may not be reflied in any Amended Complaint.

72.  An appropriate order follows.

**June 8, 2017**              **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge